Filed 7/14/16  In re Josiah M. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JOSIAH M., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ASIA B.,<br><br>Defendant and Appellant. | F073016<br><br>(Super. Ct. No. JD133673-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Louie L. Vega, Judge.

Shayla Padgett-Weibel, under appointment by the Court of Appeal, for Defendant and Appellant.

Theresa A. Goldner, County Counsel, and Jennifer E. Feige, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Poochigian, J. and Peña, J.

Appellant Asia B. (mother) appeals from the juvenile court's order terminating her parental rights as to her 20-month-old son, Josiah. (Welf. & Inst. Code, § 366.26.)[1] Josiah's father, Joseph M., is not a party to the appeal. Mother contends the Kern County Department of Human Services (the Department) failed to investigate her Native American heritage and comply with the notice requirements as required by the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.). The Department does not dispute that it violated ICWA's inquiry and notice requirements. We conditionally reverse the order terminating parental rights and direct the juvenile court to ensure compliance with ICWA's inquiry and notice requirements.

## PROCEDURAL AND FACTUAL SUMMARY

In October 2014, the department received a report that mother gave birth to Josiah. At that time, mother had been participating in family reunification services since April 2014 as part of an ongoing dependency case as to her three older children. She was also receiving inpatient substance abuse counseling and testing negative for drugs. In addition, she and Josiah screened negative for drugs at the time of his birth. Nevertheless, the department considered Josiah at risk because of mother's history of substance abuse and neglect and filed a dependency petition asking the juvenile court to assume jurisdiction but not detain him.

On November 4, 2014, the juvenile court conducted the initial hearing on the petition. The court conducted a paternity inquiry and declared Joseph M. (father) to be Josiah's presumed father. The court scheduled a hearing on jurisdiction and disposition for December 9, 2014. The court did not inquire whether mother or father had Native American ancestry. However, mother and father completed a form Parental Notification of Indian Status (ICWA-020). Father checked the block indicating that he did not have

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise noted.

2

any Indian ancestry as far as he knew. Mother checked the box indicating that she may have Indian ancestry and specified Blackfoot and Cherokee as tribes to which she might belong. The department did not notify the Blackfoot and Cherokee tribes of the dependency proceedings.

On November 21, 2014, the department took Josiah into protective custody and filed an amended petition after mother failed to submit to drug testing as court-ordered in the siblings' case. At the detention hearing, the juvenile court ordered Josiah returned to mother's custody with the understanding that Josiah would be detained if she missed any more drug tests. The court vacated the December hearing and scheduled a hearing on jurisdiction and disposition for January 2015.

In its report for the hearing, the department recommended the juvenile court order family maintenance services for mother and family reunification services for father. The department informed the court that mother and Josiah possibly had Native American ancestry with the Blackfoot tribe.

In January 2015, the juvenile court sustained the amended petition, adjudged Josiah a dependent of the court and ordered family maintenance services for mother and family reunification services for father.

Over the ensuing five months, the department monitored several issues with increasing concern. One related to a yeast infection that Josiah acquired in his diaper area that mother was not adequately treating. Ultimately, it spread to his mouth in the form of thrush. Another was father's unauthorized presence in the home. Father was homeless and suffered from nonspecified psychotic and mood disorders. Father's clothes were found in mother's home and the police found him there while conducting a welfare check. Another concern was that mother was not actively participating in her recovery. She was reportedly missing meetings with her counselor and not attending Narcotics/Alcoholics Anonymous meetings.

In June 2015, the department received a call from mother's substance abuse counselor who said mother had just left their facility and was under the influence of methamphetamine, and that Josiah was dirty and had a smelly, soiled diaper. A social worker took Josiah into protective custody at the family home. Mother appeared to be under the influence of a controlled substance and could not drug test. Father was present in the home and also appeared to be under the influence of a controlled substance. The department filed a supplemental petition (§ 387) alleging that family maintenance had been ineffective in protecting Josiah.

In July 2015, the juvenile court sustained the supplemental petition and set a dispositional hearing. At the same hearing, the court terminated mother and father's reunification services as to the older children and set a section 366.26 hearing. That same month, the department placed Josiah with a relative.

In September 2015, at the dispositional hearing on the supplemental petition, the juvenile court denied mother and father reunification services and set a section 366.26 hearing. Neither parent challenged the court's setting order by extraordinary writ petition.

In its report for the section 366.26 hearing, the department recommended the juvenile court find that Josiah was likely to be adopted and to terminate parental rights. In describing mother and Josiah, the department reported that they had no known Native American heritage.

In January 2016, following an uncontested section 366.26 hearing, the juvenile court found that Josiah was likely to be adopted and terminated mother and father's parental rights.

At no time did the department notify the Blackfoot and Cherokee tribes that Josiah may be an Indian child and was the subject of dependency proceedings. Nor did the juvenile court make a finding as to whether the ICWA applied. The only references to

the ICWA and to Native American heritage in the juvenile court record are those included in our summary of the case.

This appeal ensued.

**DISCUSSION**

ICWA provides that "[i]n any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912.) "The ICWA is designed to protect the interests of Indian children, and to promote the stability and security of Indian tribes and families. It sets forth the manner in which a tribe may obtain jurisdiction over proceedings involving the custody of an Indian child, and the manner in which a tribe may intervene in state court proceedings involving child custody. When the dependency court has reason to believe a child is an Indian child within the meaning of [ICWA], notice on a prescribed form must be given to the proper tribe or to the Bureau of Indian Affairs, and the notice must be sent by registered mail, return receipt requested." (*In re Elizabeth W*. (2004) 120 Cal.App.4th 900, 906.)

Although ICWA itself does not expressly mandate that a court inquire into Indian ancestry, California imposes on county welfare departments and the juvenile court "an affirmative and continuing duty to inquire whether a child for whom a petition under Section [300 has been filed] is or may be an Indian child in all dependency proceedings … if the child is at risk of entering foster care or is in foster care." (§ 224.3, subd. (a).) A California court must order the parents to fill out a Parental Notification of Indian Status form (ICWA–020) at the first appearance by the parent in a section 300 proceeding. (Cal. Rules of Court, rules 5.480, 5.481(a)(2).)

5

Finally, "[t]o satisfy the notice provisions of the Act and to provide a proper record for the juvenile court and appellate courts, [a social service agency] should follow a two-step procedure. First, it should identify any possible tribal affiliations and send proper notice to those entities, return receipt requested. [Citation.] Second, [the agency] should provide to the juvenile court a copy of the notice sent and the return receipt, as well as any correspondence received from the Indian entity relevant to the minor's status." (*In re Marinna J*. (2001) 90 Cal.App.4th 731, 739-740, fn. 4.)

In this case, mother completed an ICWA–020 form, stating she may have Indian heritage through the Blackfoot or Cherokee tribes. However, the department made no attempt to inquire further or to comply with the ICWA notice requirements, and the juvenile court did not follow up to make sure the department complied and to determine if ICWA applied. Thus, we reverse the judgment terminating parental rights and remand the case for further proceedings, as stated below. (*In re A.G.* (2012) 204 Cal.App.4th 1390, 1393-1394.)

## DISPOSITION

The judgment terminating parental rights is reversed, and the case is remanded to the juvenile court with directions to order the Kern County Department of Human Services to comply with the inquiry and notice requirements of ICWA. If, after proper notice, the juvenile court finds that Josiah is an Indian child as defined by ICWA, the court shall proceed in conformity with all provisions of ICWA. If, on the other hand, the court finds after proper notice that Josiah is not an Indian child, the judgment terminating parental rights shall be reinstated.